IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

KATHLEEN NGUYEN                    §
                                   §
VS.                                §    CIVIL ACTION NO. 5:19-cv-1359
                                   §
COSTCO WHOLESALE CORPORATION       §

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS, SAN ANTONIO DIVISION:

COSTCO WHOLESALE CORPORATION (hereinafter "COSTCO"), files this Notice of Removal under *28 U.S.C. §§ 1441, 1446, and 1332*, and shows the following:

## I.
## INTRODUCTION

1.1    On October 15, 2019, Plaintiff KATHLEEN NGUYEN filed a personal injury lawsuit in the 438th District Court of Bexar County, Texas, against, Defendant COSTCO WHOLESALE CORPORATION in Cause No. 2019CI21616.  Plaintiff alleges that she suffered injuries as a result of slipping on "a puddle of liquid." *See Exhibit A, Plaintiff's Original Petition,* Paragraph 5.  Plaintiff has alleged that her damages are in excess of $1,000,000.00. *See Exhibit A, Plaintiff's Original Petition,* Paragraph 4.

1.2    The state court action is one over which this Court has original jurisdiction under the provisions of *28 U.S.C. §1332*, and is one which may be removed to this Court by Defendant pursuant to the provisions of *28 U.S.C. §1441*, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

1.3     Service of Citation of Plaintiff's Original Petition on Defendant Costco was executed on October 21, 2019.  *See Exhibit B, Service of Process Transmittal.*

1.4     Defendant Costco filed their Original Answer in the state court action on  October 31, 2019.  *See Exhibit C, Defendant Costco Wholesale Corporation's Original Answer.*

## II.
## THE PARTIES

2.1     Plaintiff is a Texas citizen, with her residence in Nueces County, Texas, at the time this action commenced.  *See Exhibit A, Plaintiff's Original Petition*, Paragraph 2.

2.2     Defendant Costco is a Washington Corporation with its principal place of business in the State of Washington.  *See Exhibit D, Franchise Tax Account Status, Office of Texas Comptroller.*

## III.
## PROCEDURAL REQUIREMENTS FOR REMOVAL

3.1     Removal is timely, as this notice is filed within 30 days of service on Defendant of summons and Plaintiff's Original Petition in this matter on October 21, 2019.   *28 U.S.C. §1446(b)(1).*

3.2     Upon filing of this Notice of Removal, written notice of the filing is being given by Defendant Costco to Plaintiff and Plaintiff's counsel as required by law.  A copy of this Notice is also being filed with the Clerk of the Court in Bexar County, Texas, where the cause was originally filed.  *See Exhibit E, Defendant's Notice of Filing of Notice of Removal.*  A copy of all processes, pleadings, and orders have been filed separately with this Court pursuant to *28 U.S.C. §1446(a).*

## IV.
## VENUE

4.1     Venue in this district is proper because the Western District of Texas, San Antonio Division, includes Bexar County, where the alleged incident occurred, and where the original lawsuit is pending. *See Exhibit A, Plaintiff's Original Petition,* Paragraph 4; *28 U.S.C. §1441(a).*

## V.
## JURISDICTIONAL BASIS FOR REMOVAL

5.1     Removal is proper pursuant to *28 U.S.C. §1332* because there is complete diversity between the parties and Plaintiff seeks damages in excess of $75,000.00.

5.2     Defendant Costco is not a citizen or resident of the state of Texas.

5.3     Defendant Costco is a Washington Corporation with its principle places of business in the State of Washington.

5.4     With regard to the amount in controversy, Plaintiff's Original Petition pleaded damages in excess of $1,000,000.00. *Exhibit A, Plaintiff's Original Petition,* Paragraph 4.

## VI.
## JURY DEMAND

6.1     Defendant Costco filed a jury demand in their Original State Court Answer. Defendant Costco hereby asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Costco Wholesale Corporation prays that this Notice of Removal be deemed sufficient and that proceedings attached hereto be removed from the 438th District Court of Bexar County, Texas, to the docket of this Honorable Court.

Respectfully submitted,

SHELTON & VALADEZ, P.C.
600 Navarro, Suite 500
San Antonio, Texas 78205
rvaladez@shelton-valadez.com
Telephone:  (210) 349-0515
Telecopier:  (210) 349-3666


By: _____

ROBERT A. VALADEZ
State Bar No.  20421845
COUNSEL FOR DEFENDANT
COSTCO WHOLESALE CORPORATION

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing was served by certified mail return receipt requested in accordance with Federal Rules of Civil Procedure on the 20th day of November 2019, to:

Nathaniel Mack
LAW OFFICES OF NATHANIEL MACK III, PLLC
1777 NE Loop 410 Suite 600
San Antonio Texas, 78217
nmack@macktexaslaw.com

_____
ROBERT A. VALADEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

KATHLEEN NGUYEN                          §
                                         §
VS.                                      §   CIVIL ACTION NO. 5:19-cv-1359
                                         §
COSTCO WHOLESALE CORPORATION             §

## INDEX OF DOCUMENTS FILED WITH REMOVAL

   A.  Plaintiff's Original Petition

   B.  Service of Process Transmittal

   C.  Defendant Costco Wholesale Corporation's Original Answer

   D.  Defendant Costco Wholesale Corporation's Jury Demand

   E.  State Court Docket Sheet

   F.  Franchise Tax Account Status, Office of Texas Comptroller

   G.  Defendant's Notice of Filing of Notice of Removal

# EXHIBIT "A"

FILED
10/15/2019 9:18 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Victoria Angeles

# 2019CI21616

CAUSE NO. _____

| KATHLEEN NGUYEN, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 438th JUDICAL DISTRICT |
| COSTCO WHOLESALE | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION,  REQUEST FOR DISCLOSURE, REQUEST FOR ADMISSION, REQUEST FOR PRODUCTION, AND FIRST SET OF INTERROGATORIES

TO THE HONROABLE JUDGE OF SAID COURT:

COMES NOW, KATHLEEN NGUYEN, hereinafter referred to as "Plaintiff," in the above entitled and numbered cause, complaining of and against COSTCO WHOLESALE CORPORATION, hereinafter "Defendant," and for cause of action would show the following unto the Court:

### A.    DISCOVERY CONTROL PLAN

1.    Plaintiff intends that this case be conducted in accordance with a Level 3 Discovery Control Plan, pursuant to Texas Rule of Civil Procedure 190.4.

### B.    THE PARTIES

2.    Plaintiff, KATHLEEN NGUYEN, is an individual who resided in Nueces County, Texas at the time of the events which form the basis of this lawsuit.

3.    Defendant, COSTCO WHOLESALE CORPORATION is a corporation. This defendant may be served citation in this matter by and through its registered agent for service, C T Corporation System located at 1999 Bryan St., Ste. 900 Dallas, Texas 75201, or wherever he may be found.

Case Number: 2019CI21616        Document Type: PLAINTIFF'S ORIGINAL PETITION        Page 1 of 24

*Nguyen v. Costco Wholesale Corporation*
*Plaintiff's Original Petition, Request for Disclosure,*
*Request for Admission, Request for Production, and First Set of Interrogatories*

## C.    JURISDICTION AND VENUE

4.      Jurisdiction is proper in this Court because Plaintiff is entitled to damages in excess of the minimum jurisdiction of this Court. Although Plaintiff has extreme trust and confidence with a Jury of Plaintiff's peers as to a fair and just amount of damages in this matter, Plaintiff is required to plead a specified amount of damages or be subject to the threat by the Defendants and their insurance company to seek Court intervention. Accordingly, although Plaintiff leaves the amount of damages to a Jury of Plaintiff's peers, and subsequent to the verdict, and being allowed to submit any necessary trial amendment, Plaintiff would show the Court and Jury that due to the negligence of Costco Wholesale Corporation, and the reprehensible conduct of their insurance carrier in refusing reasonably and adequately resolve this matter without forcing litigation before a jury, Plaintiff seeks monetary relief in excess of $1,000,000.00 exclusive of other lawful amounts above and beyond the verdict.

The incident made the basis of the suit occurred in Bexar County, Texas. As a result venue is proper in Bexar County, Texas.

## D.    FACTS

5.      The subject matter of this suit is a fall incident that occurred in or on the Defendant's premises 5611 UTSA Boulevard, San Antonio, Texas, 78249. On or about October 7, 2019, the Plaintiff while shopping at Defendant's store, slipped in a puddle of liquid and fell hard to the ground. There were no warning signs posted in the area to warn shoppers of this dangerous condition. The Defendants were responsible for providing a safe area for the Plaintiff, an invitee at the time of the fall.

6.      Defendants and its employees were aware, or reasonably should have been aware, that this unreasonably dangerous condition existed, yet made no efforts to reduce or eliminate the unreasonably dangerous condition, nor did they warn Plaintiff about the dangerous condition. As a result of the fall, Plaintiff sustained serious and permanent personal injuries and damages.

Case Number: 2019CI21616     Document Type: PLAINTIFF'S ORIGINAL PETITION     Page 2 of 24

*Nguyen v. Costco Wholesale Corporation
Plaintiff's Original Petition, Request for Disclosure,
Request for Admission, Request for Production, and First Set of Interrogatories*

### E.      NEGLIGENCE OF THE DEFENDANTS

7.      Plaintiff alleges that upon the occasion in question, Defendants failed to use ordinary care by various acts and omissions in at least one or more of the following ways:

    a.      Failure to keep their premises reasonably safe for their customers;

    b.      Failure to reasonably and regularly inspect the premises for unreasonably dangerous conditions;

    c.      Failure to reasonably and regularly inspect the premises for unreasonably dangerous conditions on areas known to regularly contain potential unreasonable dangers;

    d.      Failure to ensure that their employees reduce or eliminate any unreasonably dangerous conditions;

    e.      Failure to maintain policies for inspecting the premises for unreasonably dangerous conditions;

    f.      Failure to enforce policies for inspecting the premises for unreasonably dangerous conditions;

    g.      Permitting a dangerous condition, of which Defendant should have reasonably been aware, to exist for an unreasonable period of time;

    h.      Failure to provide adequate warning to Plaintiff of all unreasonably dangerous conditions of which the Defendants had actual or constructive knowledge;

    i.      Failure to recruit, select, and hire competent employees capable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

    j.      Failure to adequately train their employees in locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

    k.      Failure to adequately supervise their employees to ensure they are locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions; and

    l.      Failure to terminate employee's incapable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions.

Case Number: 2019CI21616
*Naquin v. Costco Wholesale Corporation*
*Plaintiff's Original Petition, Request for Disclosure,*
*Request for Admission, Request for Production, and First Set of Interrogatories*
Document Type: PLAINTIFF'S ORIGINAL PETITION          Page 3 of 24

Each and all of the above stated acts and/or omissions, taken together or individually, constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

### F.  RESPONDEAT SUPERIOR

8.  At all relevant times herein, all of the agents, servants, or employees of Defendants who were in any way connected to this suit were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment.  Therefore, the acts or omissions of those agents, servants, or employees are attributable to Defendants and renders Defendants liable for all damages suffered by Plaintiff under the doctrine of *respondeat superior*.

### G.  NEGLIGENCE OF THE DEFENDANTS' EMPLOYEES

9.  Plaintiff alleges that upon the occasion in question, the Defendants' employees failed to use ordinary care by various acts and omissions in at least one or more of the following ways:

   a.  Failure to keep the premises reasonably safe for its customers;

   b.  Failure to eliminate any unreasonably dangerous conditions; and

   c.  Failure to give adequate warning to Plaintiff of all unreasonably dangerous conditions of which the employees had actual or constructive knowledge.

Each and all of the above stated acts and/or omissions, taken together or individually, constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

### H.  DAMAGES

10.  As a result of the incident described above, Plaintiff has suffered severe personal injuries including physical pain, mental anguish, permanent bodily impairment, and physical disfigurement and will, with reasonable probability, continue to do so in the future by reason of the nature and severity of her injuries and disfigurement.  Plaintiff has also been caused to incur medical expenses and lost

Case Number: 2019CI21616   *Nueces v. Costco Wholesale Corporation*   Document Type: PLAINTIFF'S ORIGINAL PETITION   Page 4 of 24
*Plaintiff's Original Petition, Request for Disclosure,*
*Request for Admission, Request for Production, and First Set of Interrogatories*

wages in the past and will, with reasonable probability, continue to incur medical expenses in the future.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendants be duly cited to appear and answer herein and that, upon final trial of this cause, that Plaintiff recover judgment against the Defendants for Plaintiff's damages, for costs of court, for pre- and post-judgment interest as provided by law, and for such other further relief, both general and special, at law or in equity, to which she may show herself justly entitled.

**I.       REQUEST FOR DISCLOSURE**

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

**J.       REQUEST FOR ADMISSIONS TO THE DEFENDANTS**

Pursuant to Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to answer, within fifty (50) days of service of this request, the following Requests for Admissions.

**DEFINITIONS**

For the purposes of the following requests, the following definitions apply:

"**Premises**" or "**Premises in Question**" means and refers to property located 5611 UTSA Boulevard, San Antonio, Texas 78249.

"**Plaintiff**" and "**Plaintiff's**" means and refers to KATHLEEN NGUYEN.

"**CONDITION**" means and refers to the substance on the floor on which the Plaintiff fell.

"**You**", "**Your**" and "**Defendants**" means and refers to COSTCO WHOLESALE CORPORATION as well as your attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

"**Incident in Question**" means and refers to the incident referred to in Plaintiff's Original Petition.

Case Number: 2019CI21616                   Document Type: PLAINTIFF'S ORIGINAL PETITION          Page 5 of 24
*Nguyen v. Costco Wholesale Corporation*
*Plaintiff's Original Petition, Request for Disclosure,*
*Request for Admission, Request for Production, and First Set of Interrogatories*

## REQUESTS

Admit or deny that:

1)   COSTCO WHOLESALE CORPORATION, as set forth in Plaintiff's Petition, is the correct name of Defendant?

2)   Defendant was a limited partnership at the time of the Incident in Question?

3)   Defendant owned the Premises at the time of the Incident in Question?

4)   Defendant leased the Premises at the time of the Incident in Question?

5)   Defendant was operating a business on the Premises at the time of the Incident in Question?

6)   Defendant was in control of the Premises at the time of the Incident in Question?

7)   Defendant was responsible for maintaining the floors where the CONDITION existed at the time of the incident in question?

8)   Defendant designed or caused to be designed the CONDITION?

9)   It was within the power of the Defendant to correct the condition prior to Plaintiff's fall?

10)   Defendant inspected the CONDITION prior to Plaintiff's fall?

11)   Plaintiff was an invitee on the Premises at the time of the Incident in Question?

12)   The CONDITION was an unreasonably dangerous condition on the Premises at the time of the Incident in Question?

13)   The CONDITION was allowed to exist by Defendant on the premises?

14)   Defendant knew or should have known of the CONDITION on the Premises at the time of the Incident in Question?

15)   Defendant had a duty to use reasonable care to reduce, eliminate or warn of the CONDITION on the Premises at the time of the Incident in Question?

16)   Defendant did not use reasonable care to reduce, eliminate or warn of the CONDITION on the Premises at the time of the Incident in Question?

Case Number: 2019CI21616
*Nugent v. Costco Wholesale Corporation*
*Plaintiff's Original Petition, Request for Disclosure,*
*Request for Admission, Request for Production, and First Set of Interrogatories*
Document Type: PLAINTIFF'S ORIGINAL PETITION          Page 6 of 24

17)     The CONDITION on the Premises at the time of the Incident in Question was a proximate cause of Plaintiff's damages?

18)     Defendant's failure to use reasonable care in reducing, eliminating, or warning of the CONDITION on the Premises at the time of the Incident in Question was a proximate cause of the Plaintiff's damages?

19)     Defendant failed to use reasonable care in hiring employees capable of recognizing, correcting, and warning of dangerous conditions?

20)     Defendant failed to use reasonable care in training its employees to recognize, correct, and warn of dangerous conditions?

21)     Defendant failed to use reasonable care in supervising its employees to ensure they recognize, correct, and warn of dangerous conditions?

22)     Defendant failed to use reasonable care in terminating its employees who were incapable of recognizing, correcting, and warning of dangerous conditions?

23)     Plaintiff suffered physical injuries as a result of the Incident in Question?

24)     Plaintiff suffered mental anxiety as a result of the Incident in Question?

25)     Plaintiff will suffer mental anxiety in the future as a result of the Incident in Question?

26)     Plaintiff has incurred medical expenses as a result of the Incident in Question?

27)     Plaintiff will continue to incur medical expenses as a result of the Incident in Question?

28)     Plaintiff has incurred lost wages in the past as a result of the Incident in Question?

29)     Plaintiff will incur loss of earning capacity in the future as a result of the Incident in Question?

30)     Plaintiff suffered physical disfigurement as a result of the Incident in Question?

31)     Plaintiff will suffer physical disfigurement in the future as a result of the Incident in Question?

32)     Plaintiff suffered physical impairment as a result of the Incident in Question?

33)     Plaintiff will suffer physical impairment in the future as a result of the Incident in Question?

34)     Plaintiff endured pain and suffering as a result of the Incident in Question?

Case Number: 2019CI21616     *Najera v. Costco Wholesale Corporation*     Document Type: PLAINTIFF'S ORIGINAL PETITION     Page 7 of 24
*Plaintiff's Original Petition, Request for Disclosure,*
*Request for Admission, Request for Production, and First Set of Interrogatories*

35)     Plaintiff will continue to endure pain and suffering as a result of the Incident in Question?

36)     Plaintiff acted with ordinary care at the time of the Incident in Question?

37)     COSTCO WHOLESALE CORPORATION, is responsible for the actions of its employees regarding failure to repair the CONDITION?

38)     The Defendant had actual knowledge of the CONDITION prior to the incident in question?

39)     The Defendant took no effort to warn or protect Plaintiff from the condition?

## K. REQUESTS FOR PRODUCTION TO THE DEFENDANTS

Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to produce, within fifty (50) days of service of this request, the following information. Demand is hereby made for supplementation of the Defendants' responses to this Request for Production as required by TEXAS RULE OF CIVIL PROCEDURE 193.5.

## DEFINITIONS AND INSTRUCTIONS

For purposes of the following Requests, the following definitions and instructions apply:

**"You"**, **"Your"** and **"Defendant"** means and refers to the named Defendant responding to the request, as well as your attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

"**Plaintiff**" and "**Plaintiff's**" means and refers to KATHLEEN NGUYEN.

"**Incident in Question**" means and refers to the incident described in Plaintiff's Original Petition.

"**Premises**" or "**Premises in Question**" means and refers to property located at 5611 UTSA Boulevard, San Antonio, Texas 78249.

**"Document"** means and includes writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use.

Case Number: 2019CI21616   *Name of Costco Wholesale Corporation*   Document Type: PLAINTIFF'S ORIGINAL PETITION   Page 8 of 24
*Plaintiff's Original Petition, Request for Disclosure,*
*Request for Admission, Request for Production, and First Set of Interrogatories*

The term also includes communications not only in words, but in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

**"Custodian"** means the person or entity with care, custody, control of the item or document that is subject of inquiry. A request to identify the custodian of any item or document is a request to provide the name, address and telephone number of said custodian.

**"Photograph"** means and includes any motion picture, still picture, transparency, videotape, drawing, sketch, electronic image, negatives or any other recording of any non-verbal communication in tangible form.

You are not asked to divulge or provide any information or documents that are privileged in nature. However, for each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim or privilege or other ground for exclusion.

If a requested document once was but is no longer in the possession, custody or control of Defendant or any of its representatives, state what disposition was made of such document.

If any of these requests cannot be responded to in full, please respond to the extent possible, specifying the reason for Defendant's inability to fully respond, and stating whatever information or knowledge Defendant has concerning the portion to which Defendant cannot fully respond.

*Overall v. Southwestern Bell Yellow Pages*, 869 S.W.2d 629 (Tex. App. – Houston [14th Dist.] 1994), no writ, requires a party to send the documents to the requesting party along with a copy of the response. Unless there are thousands of documents, a party is not permitted to merely make documents available at a specific location.

Pursuant to Rule 193.7, Texas Rules of Civil Procedure, the Defendant is hereby notified that Plaintiff reserves the right to use at trial any and all documents Defendant produces in response to this and any other discovery request.

Case Number: 2019CI21616       *Nanya v. Costa Wholesale Corporation*       Document Type: PLAINTIFF'S ORIGINAL PETITION       Page 9 of 24
*Plaintiff's Original Petition, Request for Disclosure,*
*Request for Admission, Request for Production, and First Set of Interrogatories*

## REQUEST FOR PRODUCTION

1.   Any and all photographs or other electronic images that contain images of the underlying facts or that Defendant intends to offer into evidence at trial.

2.   Any and all photographs, movies, videotapes or other visual reproductions that Defendant has of the parties, persons with knowledge of relevant facts, the facilities, mechanisms or items involved, or scene of the Incident in Question.

3.   All documents or tangible things prepared by, prepared for, or relied upon, by any expert whom Defendant expects to call as a witness, including but not limited to, his/her report, curriculum vitae, factual observations, learned treatises, publications, studies, opinions, conclusions, photographs, field notes, calculations, models and exhibits.  If any such expert has not prepared a report, request is hereby made that one be prepared and furnished to Plaintiff's attorney.

4.   All documents or tangible things prepared by, prepared for, or relied upon, by any expert whose work product, opinions, or mental impressions have been, or will be, reviewed or relied upon, in whole or in part, by a testifying expert.  This would include, but not be limited to, his/her report, curriculum vitae, factual observations, learned treatises, publications, studies, opinions, conclusions, photographs, field notes, calculations, models and exhibits.

5.   All documents or tangible things prepared by, prepared for, or relied upon, by any expert who has obtained knowledge about the case in some way other than consulting with Defendant's attorney.  This would include, but not be limited to, his/her report, curriculum vitae, factual observations, learned treatises, publications, studies, opinions, conclusions, photographs, field notes, calculations, models and exhibits.

6.   All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, any engineering field, and any other area of scientific study that you claim to be a reliable authority which may be used by you at trial.

7.   All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, any engineering field, and any other area of scientific study that any testifying expert claims to be a reliable authority which may be used by you at trial.

8.   All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, any engineering field, and any other area of scientific study that any testifying expert has relied, or will rely, upon to support their opinions and mental impressions.

9.   All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

Case Number: 2019CI21616
*Nguyen v. Costco Wholesale Corporation*
*Plaintiff's Original Petition, Request for Disclosure,*
*Request for Admission, Request for Production, and First Set of Interrogatories*
Document Type: PLAINTIFF'S ORIGINAL PETITION      Page 10 of 24

10. All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards that any of your testifying experts have relied, or will rely, upon to support their opinions and mental impressions.

11. All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards that any of your testifying experts claim to be reliable authority which may be used at the time of trial.

12. A copy of any contract of employment that would govern Defendant's relationship with any other entity or bear on the issue of "course and scope of employment."

13. Copies of any and all statements made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by Plaintiff and any stenographic, mechanical, electrical or other type of recording or any transcription thereof.

14. Any written, taped or mechanically reproduced statement made of any Defendant or Plaintiff.

15. Any and all statements made by the Defendant regarding the Incident in Question to their insurance company, their employees, agents, independent contractors, adjusters, or representatives, not including statements made to Defendant's attorney.

16. Any and all drawings, surveys, plats, maps or sketches of the scene of the Incident in Question.

17. Any document, photographs, or other physical evidence that will be used or offered at trial.

18. All documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, and data compilations) that constitute or contain matters relevant to the subject matter of the action.

19. The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by Defendant, Defendant's agents, or Defendant's insurers in the ordinary course of business.

20. The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by Defendant, Defendant's agents, or Defendant's insurers before the Plaintiff, or Plaintiff's attorney, outwardly manifested an intent to pursue a claim against Defendant.

Case Number: 2019CI21816    *Nguyen v. Costco Wholesale Corporation*    Document Type: PLAINTIFF'S ORIGINAL PETITION    Page 11 of 24
*Plaintiff's Original Petition, Request for Disclosure,*
*Request for Admission, Request for Production, and First Set of Interrogatories*

21.   The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by Defendant, Defendant's agents, or Defendant's insurers before the Plaintiff filed his/her Original Petition with the court.

22.   Please produce any and all correspondence, communications, letters, notes of oral conversations, and all other documents or writings sent to or received from or exchanged by and between you and your insurance carrier concerning the subject matter of this lawsuit.

23.   A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the Incident in Question including all nonwaiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

24.   A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which may provide coverage to satisfy all or part of any judgment which may be rendered in this litigation including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

25.   Any documents, reports, photographs, or other written records pertaining to any investigation of the Incident in Question.

26.   All documents regarding all other claims being currently made against Defendant's insurance policies for the Incident in Question other than by this Plaintiff.

27.   Any and all settlement agreements, deals, contracts, understandings, "Mary Carter" agreements, or compromises between you or your representatives and any other party, potential party, or potential third party defendant to this suit or its representatives, agents, or insurers regarding any compromise, settlement, apportionment of liability or financial responsibility, contingent or otherwise, or alignment of the parties on any issue with respect to:

   a.   The Incident in Question;
   b.   Plaintiff's damages;
   c.   The presentation of any testimony;
   d.   Whether or how to conduct any cross-examination;
   e.   The performance of discovery; and/or
   f.   The presentation of any defense, excuse, or inferential rebuttal.

28.   Copies of any document or statement that any witness of Defendant will use or you anticipate may use to refresh his or her memory, either for deposition or trial.

Case Number: 2019CI21616
*Name v. Costco Wholesale Corporation*
*Plaintiff's Original Petition, Request for Disclosure,*
*Request for Admission, Request for Production, and First Set of Interrogatories*
Document Type: PLAINTIFF'S ORIGINAL PETITION       Page 12 of 24
12

29.    Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at trial.

30.    Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case, but which may be used as demonstrative evidence at trial.

31.    Any information relating to any arrest or conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of relevant facts named in discovery information provided by or to you before trial.  Please include the name of the person convicted, the offense for which he or she was arrested or convicted, the year of such arrest or conviction, the court of such conviction, and the disposition of the case or allegation.

32.    Any and all calendars, journals, diaries, logs, or notes kept by Defendant covering the month of the Incident in Question.

33.    All documents regarding Plaintiff's employment history, status, performance, or compensation obtained by Defendant via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

34.    All documents regarding Plaintiff's medical status, treatment or history obtained by Defendant via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

35.    All documents regarding Plaintiff's financial status, earnings history, and tax payment history obtained by Defendant via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

36.    All documents regarding Plaintiff's claims history obtained by Defendant via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

37.    All documents, records, reports, notations, or memoranda regarding the Plaintiff from persons or entities that compile claim information, to include but not limited to, insurance claims, unemployment claims, social security claims, and worker's compensation claims.

38.    All statements or documents that show the identity of any witness to the Incident in Question, or any person with knowledge of relevant facts concerning the Incident in Questions, the events leading up to it, or any damage sustained by Plaintiff.

39.    All documents and tangible things which support your contention that:

        a.    any act or omission on the part of Plaintiff caused or contributed to the Incident in Question;

Case Number: 2019CI21616

*Nguyen v. Costco Wholesale Corporation*
*Plaintiff's Original Petition, Request for Disclosure,*
*Request for Admission, Request for Production, and First Set of Interrogatories*

Document Type: PLAINTIFF'S ORIGINAL PETITION

Page 13 of 24

b.   any factor, other than a. above, contributed to or was the sole cause of the Incident in Question, including but not limited to, acts or omissions of negligence of any other party or parties, or potential third-party Defendants, sudden emergency, unavoidable accident, mechanical defect, or act of God;

c.   any factor caused or contributed to the Plaintiff's damages, including but not limited to, pre-existing or subsequently existing physical or medical condition or conditions of the Plaintiff;

d.   any or all of the medical expenses incurred by Plaintiff for treatment of injuries allegedly resulting from the Incident in Question were not reasonable and/or necessary;

e.   Plaintiff's injuries, if any, were not the result of or caused by the Incident in Question.

40.   The architectural plans and drawings for the Premises in Question, specifically with respect to the location where the Plaintiff was injured.

41.   Any contracts between the owner and/or former owners and contractor who constructed the Premises in Question.

42.   Any contracts between the owner and the manager or managing entity at the time of the Plaintiff's injury, and for the year immediately preceding Plaintiff's injury.

43.   Any contract between the owner and any other person or entity responsible for caring for, maintaining or cleaning the premises at the time of Plaintiff's injuries.

44.   All documents evidencing ownership or occupancy rights to the Premises in Question for the time of the Incident in Question.

45.   A copy of any legal documents that document Defendant's status as a corporation, partnership, sole proprietorship or joint venture.

46.   Any joint venture agreement between the parties or between any party to this suit and any nonparty regarding the ownership, operation, repair, maintenance, cleaning or other service of or for the Premises in Question.

47.   Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, inspection, repair, cleaning and service of the Premises in Question that were in existence at the time of the Incident in Question.

Case Number: 2019CI21616    *Nguyen v. Costco Wholesale Corporation*    Document Type: PLAINTIFF'S ORIGINAL PETITION    Page 14 of 24
*Plaintiff's Original Petition, Request for Disclosure,*
*Request for Admission, Request for Production, and First Set of Interrogatories*

48.   Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, inspection, repair, cleaning and service of the Premises in Question that are in existence currently.

49.   Any and all photographs that Defendant has of any equipment, item, or movable property that was at the scene of the incident in question, but has since been relocated.

50.   All of your materials including, but not limited to, employee manuals, memoranda, and correspondence pertaining to safety rules and/or regulations to be followed by the employees to ensure the safety of other that were in effect at the time of the Incident in Question. This includes, but is not limited to, any training films and/or videotapes used by Defendant concerning previous incidents or the Incident in Question.

51.   All of your materials including, but not limited to, employee manuals, memoranda, and correspondence pertaining to safety rules and/or regulations to be followed by the employees to ensure the safety of others that are in effect currently. This includes, but is not limited to, any training films and/or videotapes used by Defendant concerning previous incidents or the Incident in Question.

52.   Personnel files or any other documents reflecting the name, address, and/or phone number of all Defendant's employees, independent contractors, agents, or representatives working on the Premises in Question on the date of the Incident in Question.

53.   Any documents regarding maintenance of the Premises in Question from six months before the Incident in Question through the day of the Incident in Question.

54.   Any documents regarding inspections of the Premises in Question from six months before the Incident in Question through the day of the Incident in Question.

55.   Any documents or plans indicating subsequent remedial measures anticipated or undertaken at the Premises since the Incident in Question.

56.   All documents indicating the charges or costs for subsequent remedial measures anticipated or undertaken at the Premises since the Incident in Question.

57.   All documents, reports, videotapes, photographs, or statements regarding any other Incident involving injury to another from tripping and falling in the same area on the Premises in Question from five years before the Incident in Question to present.

58.   Any document memorializing any relationship between the Defendant and any other party to this lawsuit.

Case Number: 2019CI21616       *Nguyen v. Costco Wholesale Corporation*
*Plaintiff's Original Petition, Request for Disclosure,*          Document Type: PLAINTIFF'S ORIGINAL PETITION       Page 15 of 24
*Request for Admission, Request for Production, and First Set of Interrogatories*

## L.     FIRST SET OF INTERROGATORIES

Pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to answer, within fifty (50) days of service of this request, the following Interrogatories.

### Preliminary Statement

1.      The following interrogatories are to be answered separately and fully, by furnishing all information in your possession, custody or control, including all information to which you have a superior right to compel from a third party, such as your agent, authority, or representative.

2.      You are to answer the interrogatories under oath. Your attorney in this case is not allowed to sign or swear to the answers you have made to the interrogatories.

3.      You and your attorney are under a duty to supplement your answers to these interrogatories by amending your answers if you obtain information upon the basis of which you know that the answer was incorrect when made or you know that the answer is no longer true, even though it was correct when made.

4.      Whenever an interrogatory requests the identification of a document or documents, please set forth where the document exists, the name and address of its custodian, a description of its contents, including its author, date, and addresses, the number of pages it contains, and all attachments to the original document.

5.      If the answer to any interrogatory may be derived or ascertained from your business records, and the burden of deriving the answer would be substantially the same for Plaintiff and you, you may specify the records from which the answer may be obtained.

### Definitions & Abbreviations

Plaintiff sets forth the following definitions or abbreviations of various words and phrases that are contained in the Interrogatories. Plaintiff provides the following definitions and abbreviations for the purpose of clarifying the meaning of various words and phrases contained herein in order to expedite discovery, i.e., (1) to help the Defendant fully and accurately understand the objectives of Plaintiff's discovery efforts and (2) to simplify and assist the Plaintiff in Plaintiff's efforts to locate and furnish the relevant information and documents.  It is expressly stipulated and agreed by the Plaintiff that an affirmative response on the part of the Defendants will not be construed as an admission that any definition or abbreviation contained hereto is either factually correct or legally binding on the Defendants.

**"Defendant"** means the named Defendant answering the request, as well as his/her/its representatives, agents, and counsel.

Case Number: 2019CI21616
*Nguyen v. Costco Wholesale Corporation*
*Plaintiff's Original Petition, Request for Disclosure,*
*Request for Admission, Request for Production, and First Set of Interrogatories*

Document Type: PLAINTIFF'S ORIGINAL PETITION     Page 16 of 24

16

MULTIPLE PART ANSWERS: Where an individual interrogatory calls for an answer which involves more than one part or subpart, each part of the answer should be set forth separately so that it is clearly understandable and responsive to the respective interrogatory or subpart thereof.

**"You"** or **"Your"** is used in the interrogatories or instructions, it is meant to include the person(s) referenced in definition "A" above.

**"Writing"** or **"written"** are intended to include, but not necessarily be limited to the following:  hand writing, type writing, computer printouts, printing, photograph, and every other means of recording upon any tangible thing or any form of communication, including letters, words, pictures, sounds or symbols or combinations thereof; and they further include any oral communication later reduced to writing or confirmed by a letter.

**"Documents"** shall mean writings of every type and from any source, including originals and non-identical copies thereof that are in your possession, custody, or control or known by you to exist.  This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but also in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems.  If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

**"Person"** as used herein means an individual, corporation, partnership, association, trust, governmental entity, and any otherwise described entity.

**PERSON(S) IDENTITY**:  When an interrogatory requests that you identify a person please state:
1.      His or her full name;
2.      His or her present or last known address;
3.      His or her present employers name and address; and
4.      His or her occupational position or classification.

**"Identify"** or **"identification"**:
1.      As to a person: When used in reference to a person or individual, the terms

*Nguyen v. Costco Wholesale Corporation*
*Plaintiff's Original Petition, Request for Disclosure,*
*Request for Admission, Request for Production, and First Set of Interrogatories*
*17*

"identify" or "identification" mean to state his/her full name, address, and telephone number.

2.     As to an entity: The terms "identify" or identification" when used in reference to an entity such as a corporation, partnership or association, mean to state the name of the entity, its business address, telephone number, and name of its chief executive officer and the agent for service of process.

3.     As to a document: When used in reference to a document, the terms "identify" or "identification" shall include the following:

    a.   The title, heading or caption of such document.

    b.   The date appearing on such document; or if no date appears, the approximate date on which the document was prepared.

    c.   A general description of the document.

    c.   The name of the person who signed the document or statement that it was unsigned.

    d.   Name of the person or persons who prepared the document.

    e.   Name of the person or persons to whom the document was addressed and to whom the document was sent.

    f.   The physical location of the document.

4.     As to a statement: When used in reference to a statement, the terms "identify" or "identification" shall include who made the statement, who took or recorded it, and all others, if any, present during the making thereof; to state when, where and how it was taken or recorded, and to identify who was present or last known possession, custody or control thereof.

5.     To any other tangible thing: When used in reference to any other tangible thing, the terms "identify" or "identification" mean to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof.

**"Incident"** or **"incident in question"** or similar reference as used herein refers to the Incident or Incident in Question described in the Plaintiff's Original Petition, unless otherwise defined herein, and which forms the subject matter in this suit.

**"Statements"** includes any written or graphic statement signed or otherwise adopted or approved by the person making it and any stenographic, mechanical, electrical, or other recordings, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

## FIRST SET OF INTERROGATORIES

1.     Please state the full name, address, job title and employer of each person answering and assisting in answering these Interrogatories.

ANSWER:

2.    State the name and address of the person or entity who owned, was in possession or exclusive possession and/or control of that area of the premises in where the incident in question occurred at the time of the incident.
ANSWER:

3.    Please identify all experts who may be called as a witness in this case or whose work product formed the basis, either in whole or part, of the opinions of any experts who may be called as a witness. With respect to each such expert, specify the following:

      a.    The subject matter upon which the witness is expected to testify including his/her impressions and opinions;

      b.    All facts know to the expert which relate or form the basis of the expert's mental impressions or opinions; and

      c.    All documents, communications, and other tangible things used by, prepared by, prepared for, or furnished to an expert in anticipation of the expert's trial or deposition testimony, including all tests and calculations done by the expert or reviewed by him/her, whether or not such tests or calculations form the basis of his/her opinion.

      ANSWER:

4.    If you, or anyone acting on your behalf, know of any oral, written or recorded admission of any type by the Plaintiff pertaining to this suit, please identify the nature of each admission, the content of each admission, whether it was oral, written or recorded, the circumstances under which each was made, the name, address and telephone number of each person who was present when each was made, the date and location of each admission, and who has possession of each written or recorded admission.

      ANSWER:

5.    Please state the contents of any settlement, contribution, or indemnity agreement made with any other person or entity as a result of the incident made the basis of this suit, including the names of the parties involved and the details of each agreement, including the amount.

      ANSWER:

6.    Prior to the present case, please state the name and address of each person who has in the last ten (10) years sued you or has ever written or caused another to write any letter threatening to sue you for incidents or events involving the area in question of the premises in question. With respect to prior lawsuits or threats of a lawsuit, specify the following:

      a.    The nature of the lawsuit or threatened lawsuit;

      b.    The name of any attorney who represented you and any other person in the lawsuit(s);

      c.    The name of any and all experts hired;

Case Number: 2019CI21616          Document Type: PLAINTIFF'S ORIGINAL PETITION      Page 19 of 24

*Noemy v. Costco Wholesale Corporation*
*Plaintiff's Original Petition, Request for Disclosure,*
*Request for Admission, Request for Production, and First Set of Interrogatories*

     d.      The name of any and all employees, past or present, who have given a deposition, including the date(s) of deposition;

     e.      The final disposition of each suit or threatened suit; and

     f.      State the style, cause number, and court of each suit filed.

ANSWER:

7.     Please describe in detail any previous and/or subsequent incidents of which Defendant is aware which occurred in substantially the same way as the Plaintiff's incident or in the same or nearby location.

ANSWER:

8.     Please describe in detail any changes made by the Defendant, employees, or agents, in the physical site of the incident before and after the occurrence in question. If the Defendant corrected, repaired or fixed the area in question in anyway or condition, please state what the cost of repair was, the date the repairs were done, and the name, address and telephone number of the person or firm carrying out such repair work.

ANSWER:

9.     If Defendant, Defendant's corporate representative, employee or agent has given a statement to anyone other than Defendant's attorney with respect to the occurrence in question, please state the name, address and telephone number of the person to whom such statement was given, the date on which the statement was given, the substance of such statement and whether such statement was a written or an oral statement.

ANSWER:

10.    Was it a regular course of business of the Defendant to conduct a post-incident investigation into an incident of this sort or to complete an incident report, whether or not litigation was anticipated? If so, state whether an investigation was conducted, the date(s), full descriptions of the investigation(s), who conducted the investigation(s) or completed the incident report, the findings or conclusions of the investigation(s), and where such investigative or incident reports are now located. If you are claiming privilege as to any investigation based on its allegedly being done in anticipation of litigation, describe specifically what you are relying on to establish that you had reason to believe that litigation would ensue, including what overt acts or statements were made by Plaintiff or someone acting on behalf of the Plaintiff.

ANSWER:

11.    Do you contend that the Plaintiff has done anything or failed to do anything that constitutes a failure to mitigate damages?  If so, please describe the basis of your contention and what evidence exists to support same.

Case Number: 2019CI21616                     Document Type: PLAINTIFF'S ORIGINAL PETITION       Page 20 of 24

*Nguyen v. Costco Wholesale Corporation*
*Plaintiff's Original Petition, Request for Disclosure,*
*Request for Admission, Request for Production, and First Set of Interrogatories*

ANSWER:

12.      If you have alleged that someone else's conduct or some other condition, disease, injury or event was the "sole proximate cause" of the incident in question, describe in detail the identity of such other person, event or condition, be it pre-existing or subsequent disease or injury.

ANSWER:

13.      What is Defendant's contention as to the Plaintiff's legal status on the premises at the time of the occurrence in question, that is whether Plaintiff was a business invitee, licensee or trespasser?  If you contend that Plaintiff was not a business invitee at the time of the occurrence in question, please state and describe each fact, document or thing on which you base such a contention.

ANSWER:


14.      Please state whether the Defendant was aware of the condition and what efforts Defendant made to warn of the condition which the Plaintiff alleges to be the cause of the occurrence in question.

ANSWER:

15.      What is the Defendant's contention as to Plaintiff's knowledge prior to the Incident in Question, objective or subjective, of the condition of which Plaintiff alleges to be the cause of the occurrence in question?

ANSWER:

16.      State the name, address, and telephone number of all persons who were responsible for managing the premises on October 7, 2019.

ANSWER:

17.      Please state the name, address and telephone number of each employee and/or agent on duty at the time of the incident made the basis of this lawsuit.

ANSWER:

18.      If the Defendant was not the owner of the premises at the time of the Incident in Question, please state:

        a.      the nature of Defendant's relationship with the owner of the premises where the incident in question occurred;

Case Number: 2019CI21619
*Nguyen v. Costco Wholesale Corporation*
*Plaintiff's Original Petition, Request for Disclosure,*
*Request for Admission, Request for Production, and First Set of Interrogatories*

Document Type: PLAINTIFF'S ORIGINAL PETITION          Page 21 of 24

b.    the correct names and addresses of the owners of the premises in question as of June 22, 2018;

c.    the correct names and addresses of the owners of the premises in question for the preceding five (5) years; and

d.    the complete names of all management companies for the premises for the last five (5)    years.

ANSWER:

19.    Please identify all devices at the premises in question available to be used to warn people of conditions such as the condition made the basis of this suit, where such devices were stored, who had access to such devices, and which were used to warn Plaintiff of the condition at the premises in question on October 7, 2019. If no such devices were used to warn Plaintiff, then please state why such devices were not used.

ANSWER:

20.    Please identify all employees by name and job title who were working at the premises on October 7, 2019. Please include whether said employees are currently employed by Defendant.

ANSWER:

21.    Explain the Defendant's knowledge or lack of knowledge of the condition made the basis of this cause of action. If the Defendant claims it had no prior knowledge of the condition, please explain the efforts Defendant took to inspect the property and how the existence of the condition eluded the Defendant.

ANSWER:

22.    Do you believe that the condition made the basis of this cause of action constitutes an unreasonably dangerous condition? Why or why not?

ANSWER:

Case Number: 2019CI21816
Nguyen v. Costco Wholesale Corporation
Plaintiff's Original Petition, Request for Disclosure,
Request for Admission, Request for Production, and First Set of Interrogatories
Document Type: PLAINTIFF'S ORIGINAL PETITION        Page 22 of 24

RESPECTFULLY SUBMITTED,


LAW OFFICES OF NATHANIEL MACK III, PLLC
1777 NE LOOP 410 SUITE 600
SAN ANTONIO, TEXAS 78217
PH: (210) 333-6225
FAX: (210) 855-3152
EMAIL: NMACK@MACKTEXASLAW.COM
* SERVICE BY EMAIL TO THIS ADDRESS ONLY

BY: /S/ NATHANIEL MACK III
     NATHANIEL MACK, III
     STATE BAR NO. 24078896

ATTORNEY FOR PLAINTIFF

Case Number: 2019CI21616
*Nguyen v. Costco Wholesale Corporation*
*Plaintiff's Original Petition, Request for Disclosure,*
*Request for Admission, Request for Production, and First Set of Interrogatories*          Document Type: PLAINTIFF'S ORIGINAL PETITION          Page 23 of 24

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, MARY ANGIE GARCIA, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY.  WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*November 14, 2019*

**MARY ANGIE GARCIA**
**BEXAR COUNTY, TEXAS**

By: _____

ERIC GLORIA, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERK'S ORIGINAL SIGNATURE.)*

# EXHIBIT "B"

 CT Corporation

**Service of Process Transmittal**
10/21/2019
CT Log Number 536472031

TO: Laura Aznavoorian, Litigation Supervisor
Gallagher Bassett Services, Inc.
1901 S. Meyers Rd, Suite 200C
Oakbrook Terrace, IL 60181

RE: **Process Served in Texas**

FOR: Costco Wholesale Corporation (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KATHLEEN NGUYEN, Pltf. vs. COSTCO WHOLESALE CORPORATION, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition |
| **COURT/AGENCY:** | 438th Judicial District Court Bexar County, TX<br>Case # 2019CI21616 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 10/07/2019 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/21/2019 at 12:36 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this Citation and Original Petition |
| **ATTORNEY(S) / SENDER(S):** | Nathaniel Mack<br>Law Offices of Nathaniel Mack III, PLLC<br>1777 NE Loop 410 Suite 600<br>San Antonio, TX 78217<br>210-333-6225 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/21/2019, Expected Purge Date: 11/05/2019<br><br>Image SOP<br><br>Email Notification, Laura Aznavoorian laura_aznavoorian@gbtpa.com<br><br>Email Notification, Zois Johnston zjohnston@costco.com<br><br>Email Notification, Maureen Papier maureen_papier@gbtpa.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

Page 1 of 1 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

PRIVATE PROCESS

Case Number: 2019-CI-21616

2019CI21616 S00002

KATHLEEN NGUYEN
VS.
COSTCO WHOLESALE CORPORATION
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
438th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   COSTCO WHOLESALE CORPORATION

10|21 by CM

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION REQUEST FOR DISCLOSURE, REQUEST FOR ADMISSION, REQUEST FOR PRODUCTION & 1ST SET OF INTERROGATORIES , a default judgment may be taken against you." Said ORIGINAL PETITION REQUEST FOR DISCLOSURE, REQUEST FOR ADMISSION, REQUEST FOR PRODUCTION & 1ST SET OF INTERROGATORIES was filed on the 15th day of October, 2019.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 18TH DAY OF OCTOBER A.D., 2019.

NATHANIEL MACK III
ATTORNEY FOR PLAINTIFF
1777 NE LOOP 410 600
SAN ANTONIO, TX 78217



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Elvira Enriquez*, Deputy

---

KATHLEEN NGUYEN
VS
COSTCO WHOLESALE CORPORATION

**Officer's Return**

Case Number: 2019-CI-21616
Court: 438th Judicial District Court

I received this CITATION on _____ at _____o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION REQUEST FOR DISCLOSURE, REQUEST FOR ADMISSION, REQUEST FOR PRODUCTION & 1ST SET OF INTERROGATORIES the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By :_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20____.

_____
Declarant

ORIGINAL (DK002)

# EXHIBIT "C"

FILED
10/31/2019 9:03 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Jackson

CAUSE NO. 2019CI21616

| | | |
|---|---|---|
| KATHLEEN NGUYEN, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 438TH JUDICIAL DISTRICT |
| | § | |
| COSTCO WHOLESALE CORPORATION, | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

## DEFENDANT COSTCO WHOLESALE CORPORATION'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant, Costco Wholesale Corporation, files its Original Answer to Plaintiff's Original Petition.

### I.
### GENERAL DENIAL

1.  Subject to such stipulations and admissions as may hereinafter be made, Defendant asserts a general denial as authorized by Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, and respectfully request that Plaintiff be required to prove the charges and allegations made against Defendant by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

### II.
### AFFIRMATIVE DEFENSES

2.  Defendant affirmatively pleads pursuant to TEX. CIV. PRAC. & REM. CODE § 33 that Plaintiff's claim is barred in whole or in part, by the proportionate responsibility of Plaintiff's own negligence or of that of a responsible third party over whom Defendant had no control which were the sole or an alternative proximate cause of the occurrence and damages complained of by Plaintiff.

3.  Defendant affirmatively pleads that they are entitled to any and all relief permitted pursuant to TEX. CIV. PRAC. & REM. CODE § 41.0105 in the form of evidentiary exclusion of any and all damages amounts not actually paid or incurred by or on behalf of the Plaintiff. In the alternative, Defendant seeks a deduction in any post-verdict award, if any, based on those amounts.

4.  Defendant affirmatively pleads that the recovery of damages claimed by Plaintiff is limited pursuant to the provision of the TEX. CIV. PRAC. & REM. CODE §18.091 for any recovery seeking

loss of earnings, loss of earning capacity, loss of contribution of a pecuniary value, or loss of inheritance, that evidence must be presented for proof in the form of a net loss after reduction for income tax payments or unpaid liability pursuant to any federal income tax law.

### III.

### PRAYER

For the foregoing reasons, Defendant, COSTCO WHOLESALE CORPORATION, prays that Plaintiff recover nothing from Defendant, that the Court enter Judgment that Defendant recover all costs of court, and for all other relief to which Defendant may be entitled.

Respectfully submitted,

By: _____
ROBERT A. VALADEZ
State Bar No.  20421845

SHELTON & VALADEZ, P.C.
600 Navarro, Suite 500
San Antonio, Texas  78205-1860
Ph: (210) 349-0515
Fx: (210) 349-3666
rvaladez@shelton-valadez.com
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing was forwarded in accordance with the Texas Rules of Civil Procedure on the ___31st___ day of October, 2019, to:

**_VIA E-SERVICE_**
Nathaniel Mack III
Law Offices of Nathaniel Mack III, PLLC
1777 NE Loop 410, Suite 600
San Antonio, Texas 78217
nmack@macktexaslaw.com

ROBERT A. VALADEZ

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, MARY ANGIE GARCIA, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY.  WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*November 14, 2019*

**MARY ANGIE GARCIA**
**BEXAR COUNTY, TEXAS**

By: _____

ERIC GLORIA, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERK'S ORIGINAL SIGNATURE.)*

# EXHIBIT "D"

FILED
10/31/2019 9:03 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Jackson

CAUSE NO. 2019CI21616

| | | |
|---|---|---|
| KATHLEEN NGUYEN, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 438TH JUDICIAL DISTRICT |
| | § | |
| COSTCO WHOLESALE CORPORATION, | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S JURY DEMAND

Defendant, COSTCO WHOLESALE CORPORATION tenders the proper jury fee and respectfully demands a trial by jury.

Respectfully submitted,

ROBERT A. VALADEZ
State Bar No. 20421845
rvaladez@shelton-valadez.com

SHELTON &VALADEZ, P.C.
600 Navarro, Suite 500
San Antonio, Texas 78205-1860
(210) 349-0515 Telephone
(210) 349-3666 Facsimile

ATTORNEY FOR DEFENDANT
COSTCO WHOLESALE CORPORATION

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing was forwarded in accordance with the Texas Rules of Civil Procedure 8, 21 and 21a on the 31st day of October, 2019 to:

Nathaniel Mack III
Law Offices of Nathaniel Mack III, PLLC
1777 NE Loop 410, Suite 600
San Antonio, Texas 78217
nmack@macktexaslaw.com

ROBERT A. VALADEZ

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, MARY ANGIE GARCIA, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY.  WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*November 14, 2019*

**MARY ANGIE GARCIA**
**BEXAR COUNTY, TEXAS**

By: _____

ERIC GLORIA, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERK'S ORIGINAL SIGNATURE.)*

# EXHIBIT "E"



## COUNTY CLERK & DISTRICT CLERK
## COURT RECORDS SEARCH

# Case #2019CI21616

**Name**: KATHLEEN NGUYEN

**Date Filed** : 10/15/2019

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 438

**Docket Type** : OTHER INJURY OR DAMAGE

**Business Name** : 2019CI21616

**Style** : KATHLEEN NGUYEN

**Style (2)** : vs COSTCO WHOLESALE CORPORATION

# Case History

*Currently viewing all records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00006 | 10/31/2019 | JURY DEMAND JURY FEE PAID |
| P00005 | 10/31/2019 | ORIGINAL ANSWER OF<br>COSTCO WHOLESALE CORPORATION |
| S00002 | 10/18/2019 | CITATION<br>COSTCO WHOLESALE CORPORATION<br>ISSUED: 10/18/2019 RECEIVED: 10/18/2019<br>EXECUTED: 10/21/2019 RETURNED: 10/22/2019 |
| P00004 | 10/16/2019 | REQUEST FOR SERVICE AND PROCESS |
| P00003 | 10/16/2019 | SERVICE ASSIGNED TO CLERK 3 |
| P00002 | 10/15/2019 | SERVICE ASSIGNED TO CLERK 3 |
| P00001 | 10/15/2019 | PETITION |

# EXHIBIT "F"





# Franchise Tax Account Status
As of : 11/19/2019 14:20:43

**This page is valid for most business transactions but is not sufficient for filings with the Secretary of State**

### COSTCO WHOLESALE CORPORATION

| | |
|---|---|
| **Texas Taxpayer Number** | 19112232806 |
| **Mailing Address** | 999 LAKE DR STE 200 ISSAQUAH, WA 98027-5367 |
| **❷ Right to Transact Business in Texas** | ACTIVE |
| **State of Formation** | WA |
| **Effective SOS Registration Date** | 09/15/1999 |
| **Texas SOS File Number** | 0012842406 |
| **Registered Agent Name** | CT CORPORATION SYSTEM |
| **Registered Office Street Address** | 1999 BRYAN ST., STE. 900 DALLAS, TX 75201 |

# EXHIBIT "G"

CAUSE NO. 2019CI21616

| | | |
|---|---|---|
| KATHLEEN NGUYEN<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§<br>§ | 438TH JUDICIAL DISTRICT |
| COSTCO WHOLESALE<br>CORPORATION<br>*Defendant* | §<br>§<br>§<br>§ | BEXAR COUNTY, TEXAS |

## DEFENDANT'S NOTICE OF FILING OF NOTICE OF REMOVAL

Notice is given that Defendant COSTCO WHOLESALE CORPORATION, has filed a Notice of Removal on this day, attached as Exhibit A, in the office of the Clerk of the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted

SHELTON & VALADEZ, P.C.
600 Navarro, Suite 500
San Antonio, Texas 78205
Telephone: (210) 349-0515
Facsimile: (210) 349-3666
rvaladez@shelton-valadez.com

By: _____ *by permission*
ROBERT A. VALADEZ
State Bar No. 20421845
COUNSEL FOR DEFENDANT
COSTCO WHOLESALE CORPORATION

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing was served by certified mail return receipt requested in accordance with Federal Rules of Civil Procedure on the 20th day of November 2019  to:

*VIA E-SERVICE*
Nathaniel Mack
LAW OFFICES OF NATHANIEL MACK III, PLLC
1777 NE Loop 410 Suite 600
San Antonio, Texas 78217
nmack@macktexaslaw.com

_____   # By Permission
ROBERT A. VALADEZ